Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
IN RE:                          )    CASE NO.        05-37481 (LMW)
                                )
   JOHN G. GYURIK,              )    CHAPTER         7
                                )
          DEBTORS.              )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   HENRIETTA GYURIK,            )    ADV. PRO. NO.   06-3032
                                )
          PLAINTIFF             )    DOC. I.D. NO.   28
                                )
   vs.                          )
                                )
   JOHN G. GYURIK,              )
                                )
          DEFENDANT.            )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

**APPEARANCES**

Gregg W. Wagman, Esq.                    Attorney for the Plaintiff
216 Broad Street
New London, CT  06320

John G. Gyurik                           Defendant Debtor, *Pro Se*
846 East Pond Meadow Road
Westbrook, CT  06498

**BRIEF MEMORANDUM OF DECISION AND ORDER
RE: MOTION FOR JUDGMENT AFTER DEFAULT**

Lorraine Murphy Weil, United States Bankruptcy Judge

   **WHEREAS,** the above-referenced defendant (the "Debtor") commenced this chapter 7 case

by petition filed on October 16, 2005;

   **WHEREAS,** the Debtor received a chapter 7 discharge on February 15, 2006;

**WHEREAS,** the above-referenced plaintiff (the "Plaintiff") commenced this adversary proceeding by a timely filed complaint (A.P. Doc. I.D. No. 1, the "Complaint")[1] on January 31, 2006. The Complaint seeks a determination that a certain alleged debt (described below) owed by the Debtor to the Plaintiff is nondischargeable under 11 U.S.C. §§ 523(a)(5) or 523(a)(15);[2]

**WHEREAS,** service of process was made on the Debtor in respect of the Complaint by first-class mail (prepaid) on March 1, 2006.  (*See* A.P. Doc. I.D. No. 9.);

**WHEREAS,** a pre-trial order was entered in this adversary proceeding on April 12, 2006 and served upon the Debtor on April 14, 2006.  (*See* A.P. Doc. I.D. Nos. 21, 22);

**WHEREAS,** the Debtor failed to plead or otherwise defend in this adversary proceeding;

**WHEREAS,** the Plaintiff filed a motion for default against the Debtor on June 2, 2006 and service of the same was made upon the Debtor on the same date.  (*See* A.P. Doc. I.D. No. 25.);

**WHEREAS,** an entry of default was made by the Clerk against the Debtor on June 8, 2006 and notice of the same was served on the Debtor on June 25, 2006.  (*See* A.P. Doc. I.D. Nos. 29, 30);

**WHEREAS,** on June 23, 2006 the Plaintiff filed a motion for entry of judgment by default against the Debtor on the Complaint.  (*See* A.P. Doc. I.D. No. 28, the "Motion").  The Motion was served on the Debtor on June 23, 2006.  (*See id.*);

**WHEREAS,** the Motion was set down for a hearing (as continued, the "Hearing") originally scheduled for July 12, 2006.  (*See* A.P. Doc. I.D. No. 31.)  Notice of the Hearing was served upon the Debtor on June 28, 2006.  (*See* A.P. Doc. I.D. No. 32.);

---

[1]    References herein to the docket of this adversary proceeding appear in the following form: "A.P. Doc. I.D. No. ___."

[2]    References herein to title 11 of the United States Code and/or to the Bankruptcy Code are references to the same as they existed prior to their amendment pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

**WHEREAS,** the Hearing was continued in open court to September 12, 2006 for the taking of evidence;

**WHEREAS,** at the Hearing the Plaintiff testified[3] and introduced documentary evidence into the record.[4] The Debtor did not appear at the Hearing;

**WHEREAS,** this court has jurisdiction over this adversary proceeding as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and that certain Order dated September 21, 1984 of the District Court (Daly, C.J.);[5]

**WHEREAS,** to prevail on the Motion the Plaintiff must establish a *prima facie* case under Bankruptcy Code § 523(a). *See American Express Centurion Bank v. Truong (In re Truong),* 271 B.R. 738, 741-42 (Bankr. D. Conn. 2003);

**WHEREAS,** on June 9, 2005, the Plaintiff and the Debtor entered into an agreement (the "Agreement") for dissolution of marriage. A Dissolution of Marriage (Divorce) Judgment was entered by the Connecticut Superior Court on June 9, 2005. (*See* Plaintiff Exh. A.) That judgment refers to the Agreement. (*See id.*) A copy of the Agreement is annexed to Plaintiff Exh. A.;

**WHEREAS,** Paragraph 11 of the Agreement provides in relevant part as follows:

> The . . . [Debtor] shall pay to the . . . [Plaintiff] . . . as a property settlement $20,000.00 within 30 days of the date of dissolution of marriage plus $1250.00 in sanctions previously ordered [collectively with the property settlement, the "Initial

---

[3] Reference herein to the oral record of the Hearing appears in the following form: "Oral Record at ___:___:___".

[4] Reference herein to the Plaintiff's exhibits appears in the following form: "Plaintiff Exh. ___."

[5] That order referred to the "Bankruptcy Judges for this District" "all cases under Title 11, U.S.C., and all proceedings arising under Title 11, U.S.C., or arising in or related to a case under Title 11, U.S.C. . . . ."

- 3 -

    Debt") . . . .  In addition, the . . . [Debtor] shall pay as a further property settlement
    the sum of $10,000.00 [the "Later Debt"] within 12 months of today's date. . . .

(Plaintiff Exh. A (Attachment).);

    **WHEREAS,** as of the date of the Hearing, all but $400.00 of the Initial Debt had been paid as a result of payments in the aggregate amount of $20,850.00.  (Oral Record at 10:35:41 to 10:35:57) (testimony of the Plaintiff).);

    **WHEREAS,** as of the date of the Hearing, the entire Later Debt was due and unpaid.  (Oral Record at 10:36:00 to 10:36:12) (testimony of the Plaintiff).);

    **WHEREAS,** Bankruptcy Code § 523(a) makes nondischargeable "any debt . . . to a spouse, former spouse, or child of the debtor . . . "

    (15) not of the kind described in paragraph (5) that is incurred by the debtor in the
    course of a divorce or separation or in connection with a separation agreement,
    divorce decree or other order of a court of record, a determination made in
    accordance with State or territorial law by a governmental unit unless –

        (A) the debtor does not have the ability to pay such debt from income or
        property of the debtor not reasonably necessary to be expended for the
        maintenance or support of the debtor or a dependent of the debtor and, if the
        debtor is engaged in a business, for the payment of expenditures necessary for
        the continuation, preservation, and operation of such business; or

        (B) discharging such debt would result in a benefit to the debtor that
        outweighs the detrimental consequences to a spouse, former spouse, or child
        of the debtor . . . .

11 U.S.C.A. § 523(a) (West 2005);

    **WHEREAS,** from the language of paragraph 11 of the Agreement and the other circumstances set forth therein, the court concludes that both the unpaid portion of the Initial Debt (*i.e.,* $400.00) and the entire Later Debt are debts within the purview of Bankruptcy Code § 523(a)(15);

**WHEREAS,**

A plaintiff/former spouse bears the initial burden of demonstrating (i) that there is a "debt" owed to . . . her; (ii) that such debt was "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement [or] divorce decree"; and (iii) that such obligation is "not of the kind described in . . . [Code Section 523(a)] (5)." Upon a successful initial showing by the plaintiff, the burden then shifts to the debtor-defendant to prove either one of the dischargeability "safe harbors" provided by subparagraph (A) and (B) of Section 523(a)(15).

*Gemza v. Rogan (In re Rogan),* 283 B.R. 643, 647 (Bankr. D. Conn. 2002) (Dabrowski, J.);

**WHEREAS,** the court concludes that the Plaintiff has made out her *prima facie* case under Section 523(a)(15) and the Debtor has made no showing with respect to the statutory "safe harbors;"

**NOW, THEREFORE,** for the reasons set forth above, the Motion is granted and a conforming judgment will enter to the effect that the Debtor's debt to the Plaintiff in the amount of $10,400.00 is not discharged pursuant to Bankruptcy Code § 523(a)(15). It is **SO ORDERED.**[6]

Dated: December 4, 2006                                    BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
United States Bankruptcy Judge

---

[6] This memorandum constitutes the findings of fact and conclusion of law mandated by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

- 5 -